**MISHAWAKA RUBBER & WOOLEN MFG. CO. v. PAINE & WILLIAMS CO.**

Civ. A. No. 20636.

District Court, N. D. Ohio, E. D.

Aug. 29, 1942.

Eugene M. Giles and Herbert L. Shepard, both of Chicago, Ill., and Wm. E. Chilton, of Cleveland, Ohio.

John F. Oberlin, and William R. Day, both of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The case was heard on the pleadings, evidence, and briefs. The first question to be determined is whether patentability is a proper issue in this case. If it is, that issue should be determined first. While there is an apparent conflict of authority, it seems to this court after consideration of the cases that the conflict is only apparent. The case of Cleveland Trust Co. v. Berry, 6 Cir., 99 F.2d 517, 521, recognizes the general authority of Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502, for the opinion states: "Patentability of Jardine would necessarily be an issue in this case under circumstances such as those disclosed in Hill v. Wooster", etc.

The question for this court to determine is whether the case at bar is controlled by the general authority of the Supreme Court case or by the exception recognized by the Court of Appeals. In the case of Cleveland Trust Co. v. Berry, supra, the plaintiff had no patent and the defendant had been granted a patent. The plaintiff sought a patent for the Jardine device, and, as the opinion states, its "principal attack is directed at the validity of the Berry patent". But there was no need to go into that issue because "If Berry's patent is invalid, that fact does not entitle Jardine or his assignee to a patent". No case, according to that opinion, "declares that patentability must be determined in an action under this section where the claimed priority is not established".

In the case at bar, however, the plaintiff has been granted a patent on the nine article claims and that patent is attacked on grounds of patentability. The defendant, moreover, has been declared prior as to method, and that priority is attacked by plaintiff. If the subject matter of the patent should be determined to be invalid for want of invention, that would naturally settle both issues. The determination of patentability in this case is therefore not futile, as it would have been in the case of Cleveland Trust Co. v. Berry, supra. In other words, this case is controlled by the doctrine of Hill v. Wooster, supra, and, as the court says [132 U.S. 693, 10 S.Ct. 230, 33 L.Ed. 502], the purpose of R.S. Sec. 4915, 35 U.S.C.A. § 63, is to authorize the court to declare in a proper case that the applicant is entitled to a patent and "it necessarily follows that no adjudication can be made in favor of the applicant, unless the alleged invention for which a patent is sought is a patentable invention." Since there is no special reason for doing so, as there was in the case of Cleveland Trust Co. v. Berry, supra, neither this court nor any other court "can overlook the question of patentability". Hill v. Wooster, supra, 132 U.S. page 698, 10 S.Ct. page 230, 33 L.Ed. 502.

Proceeding, therefore, to the question of patentability, the court finds in favor of the defendant. It seems to the court that there was no patentable novelty in the claims of the plaintiff's assignors. The process of heating rubber and molding it was an old practice. (Transcript of testimony, pp. 49, 50, 51, 52). The plaintiff simply modified the practice to meet a new need. The plaintiff's claims were clearly anticipated by Neefus, No. 112,168, Feb. 28, 1871, Deft.Ex.LL; Koehler, No. 1,536,223, May 5, 1925, Deft.Ex. MM; and Punke, No. 1,820,324, Aug. 25, 1931, Deft.Ex.NN.

There is no need to consider the counterclaim of the defendant. The contest between the parties originated in a consolidated interference declared by the Commissioner of Patents (No. 72867). Plaintiff's assignor was declared prior as to Counts 1 to 9, inclusive, and defendant's assignor was declared prior as to Count 10. Counts 1 to 9 covered the article claims, and Count 10 covered the method. Under the pleadings in this case each party seeks exclusive rights under all ten counts; but it was frankly conceded by counsel for defendant at the time of trial that if all claims are invalid for want of patentability, that determination would settle the entire controversy. At page 36 of the transcript of evidence, counsel for defendants say: " * * * as to this issue of patentability, as to the entire subject-matter of this case, including the article as well as the method, if the court should find from the evidence here presented that there is nothing of invention or nothing of patentability, that then that is the beginning and end of the case".

Prayer (a) of the defendant's answer and counterclaim will therefore be granted and the plaintiff's complaint will be dismissed. The other prayers of the answer and counterclaim will be denied. Finding of facts and conclusions of law, and entry, may be prepared in accordance with the rules.